**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| FREDERICK BANKS, REG. #05711-068 | PLAINTIFF |
| v.                No. 4:12CV00183 JLH/JTR | |
| HILARY RODHAM CLINTON, et al. | DEFENDANTS |

**ORDER OF DISMISSAL**

Frederick Banks is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC"). He has recently filed a *pro se*[1] Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

---

[1] Banks is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Banks is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Banks has filed numerous frivolous lawsuits in federal courts throughout the country and has accumulated many more than three strikes. *See*, *e.g.*, *Banks v. U.S. Marshal,* 274 Fed. Appx. 631, 2008 WL 1751700 (10th Cir. April 26, 2008) (unpublished decision); *Banks v. Pennsylvania,* Civil Action No. 09-1437, 2010 WL 569545 (W.D. Pa. Jan 4, 2010) (unpublished decision).

Nevertheless, Banks still may be allowed to proceed *in forma pauperis* if he is in imminent danger of serious physical injury at the time of filing. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his Complaint, Banks alleges that defendant Hutchinson improperly searched him for contraband while he was leaving the food services department of the FCI-FC and that defendants Hall, Muldonado, and Outlaw interfered with his attempts to exhaust his administrative remedies. *See* docket entry #1. Those allegations do not place Banks in imminent danger of serious physical injury.

Banks also alleges that, on March 2, 2012, defendant Dr. Cuclio maliciously prescribed a psychotropic medication that caused Banks to pass out and hit his head on the floor.[2] *Id.* According to Banks, he did not receive any medical treatment for his unspecified head injury. *Id.*

As previously mentioned, a prisoner who has had three or more actions dismissed as frivolous or malicious or because the complaint fails to state a claim may proceed *in forma pauperis* only if he is currently in imminent danger of serious physical injury. *See Ashley*, 147 F.3d at 717. Banks does

---

[2]Banks also named *more than 100* other defendants (including numerous private corporations and federal agencies) in the caption of his Complaint. *See* docket entry #1. However, he has made no factual allegations against them.

not allege that he is still taking the psychotropic medication or that he is currently suffering any side effects that would cause him to be in imminent danger of serious physical injury. Further, Banks has not explained his alleged head injury or how any such injury is currently placing him in imminent danger of serious physical injury. Accordingly, the Court concludes that he has failed to satisfy the imminent danger exception to the three strikes rule.

## CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Banks' Application to Proceed *In Forma Pauperis* (docket entry #2) is DENIED, and this case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

2. If Banks wishes to continue this case, he must, **within thirty (30) days of the entry of this Order of Dismissal**: (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 28th day of March, 2012.

*/s/ J. Leon Holmes*
UNITED STATES DISTRICT JUDGE