# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

FREDERICK BANKS,
REG. #05711-068                                                                                          PLAINTIFF

V.                                          4:12CV00183 JLH/JTR

HILARY RODHAM CLINTON, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Frederick Banks, is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas. He has recently filed a Motion to Alter or Amend

Judgment and a "Notice of Appeal and Motion for Reconsideration."[1]  *See* docket entries #12 and #19.  The Court will consider each Motion separately.[2]

## II.  Notice of Appeal Motion for Reconsideration

On March 20, 2012, Plaintiff filed a *pro se* lawsuit in the United States District Court for the Middle District of Pennsylvania.  *See Banks v. Clinton*; 1:12CV00496, docket entry #2.  On March 23, 2012, the Middle District of Pennsylvania determined that venue was proper in the Eastern District of Arkansas and transferred the case to this Court.  *Id.,* docket entry #5.  Because the case was electronically transferred, it was docketed in the Clerk's office on March 23, 2012.  *Id.*

On April 2, 2012, Plaintiff submitted a "Notice of Appeal and Motion for Reconsideration" to the Clerk for the Middle District of Pennsylvania, arguing that this case should not have been transferred to the Eastern District of Arkansas because venue was proper in the Middle District of Pennsylvania.[3]  *See* docket entry #19.  Five

---

[1] Plaintiff's Notice of Appeal and Motion for Reconsideration was docketed as a "Notice." *See* docket entry #19.

[2] The post-judgment Motions have been referred to the undersigned for recommendation.  *See* docket entry #15

[3] On April 2, 2012, the Clerk of the Middle District of Pennsylvania received that pleading and inadvertently stamped it as "filed."  *Id.*  However, at that time, the record had already been transferred to the Eastern District of Arkansas.  Thus, the Clerk of the Middle District of Pennsylvania did not have a record in which to file that pleading. Consequently, the Clerk for the Middle District of Pennsylvania forwarded the pleading to this Court, and it was filed in the record on April 17, 2012.  *Id.*

days earlier, on March 28, 2012, this Court entered an Order and Judgment dismissing the case, without prejudice, pursuant to the three strikes rule found in 28 U.S.C. § 1915(g).  *See* docket entries #9 and #10.

In his Motion for Reconsideration, Plaintiff asks the Court to revisit whether this action was properly transferred from the Middle District of Pennsylvania to the Eastern District of Arkansas.  The federal venue statute provides that, in a case that is not based on diversity jurisdiction, venue is proper in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred."  *See* 28 U.S.C. § 1391(b).

Plaintiff named more than 100 individuals, companies, and federal agencies as Defendants.  *See* docket entry #2.  However, he only raised factual allegations against five Defendants, all of whom reside in the Eastern District of Arkansas. *Id.* Additionally, all of the alleged constitutional violations occurred in the Eastern District of Arkansas.  *Id.*  Thus, the Motion for Reconsideration should be denied because venue is proper in the Eastern District of Arkansas.

Finally, in the interest of clarifying the record, the Court concludes that the Notice of Appeal Plaintiff submitted to the Clerk for the Middle District of Pennsylvania, on April 2, 2012, had no legal effect.  As previously explained, on March 23, 2012, the case was transferred from the Middle District of Pennsylvania to

the Eastern District of Arkansas.  This divested both the original trial court and the Court of Appeals for the Third Circuit of any further jurisdiction over this matter.

On April 6, 2012, Plaintiff timely filed a Notice of Appeal in the Eastern District of Arkansas, appealing this Court's March 28, 2012 Order and Judgment dismissing this case.  *See* docket entry #13.  Eleven days later, the Clerk for the Middle District of Pennsylvania forwarded the April 2, 2012 Notice of Appeal to the Clerk of the Eastern District of Arkansas, and it was filed and docketed on April 17, 2012.  *See* docket entry #19.  For the previously explained reasons, the Notice of Appeal filed on April 17, 2012, was at best redundant.   Thus, it will be up to the Court of Appeals for the Eighth Circuit, not the Third Circuit, to resolve the issues raised by Plaintiff on appeal.

### III.  Motion to Alter or Amend Judgment

On April 6, 2012, Plaintiff filed a Motion to Alter or Amend Judgment.  *See* docket entry #12.  In that Motion, he argues that this Court did not have jurisdiction to dismiss his case because he had mailed, to the Middle District of Pennsylvania, the previously discussed Notice of Appeal and Motion for Reconsideration.[4]  *Id.*

The Middle District of Pennsylvania lost jurisdiction over the case when this

---

[4] As previously explained, on March 28, 2012, the Court entered an Order and Judgment dismissing this case, without prejudice, pursuant to the three strikes rule found in 28 U.S.C. § 1915(g).  *See* docket entries #9 and #10.

Court received the record on March 23, 2012. *See In re Nine Mile Limited*, 673 F.2d 242, 244 (8th Cir. 1982) (explaining that transferring court loses jurisdiction when the record is received by transferee court). Consequently, this Court had jurisdiction when it dismissed Plaintiff's case on March 28, 2012. Accordingly, Plaintiff's Motion to Alter or Amend Judgment should be denied.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Notice of Appeal and Motion for Reconsideration (docket entry #19), which was docketed as a "Notice," be DENIED.

2.  Plaintiff's Motion to Alter or Amend Judgment (docket entry #12) be DENIED.

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 20th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE